# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| FELICIA HANNON-JOHNSON | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: |
| KANSAS CITY AREA TRANSPORTATION AUTHORITY | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1441, Defendant Kansas City Area Transportation Authority (the "KCATA") hereby files its Notice of Removal of the above-captioned case to this Court.

Although plaintiff's state court petition purports to allege causes of action for disability discrimination only under the Missouri Human Rights Act, her case in fact requires the Court to interpret a federal law, namely the interstate compact between Missouri and Kansas approved by Congress that formed the KCATA. Specifically, the Court must determine whether the interstate compact subjects the KCATA to the Missouri Human Rights Act, where Kansas has never consented to its application to the KCATA.

In support of this Notice of Removal, KCATA states the following:

### Background on KCATA and the State Court Action

1. The Compact Clause of the United States Constitution prohibits the states from entering into compacts or agreements with each other without the consent of Congress. *See* U.S. CONST. art. I, § 10, cl. 3 ("No State shall, without the Consent of Congress, . . . enter into any Agreement or Compact with another State, . . . unless

WA 8805443.4

actually invaded, or in such imminent Danger as will not admit of delay."). KCATA is a bi-state agency that was created in 1965 pursuant to an interstate compact between the state of Missouri and the state of Kansas. See Mo. Rev. Stat. § 238.010, Art. III and K.S.A. § 12-2524, Art. III (the "Compact", attached as **Exhibit 1**). Pursuant to the Compact Clause of the United States Constitution, the Compact became lawful and effective after it was approved by the United States Congress. *See* Pub. L. No. 89-599, 80 Stat. 826 (Act of Sept. 21, 1966) ("Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That, subject to the provisions of section 2 of this Act, the Congress consents to the compact between the States of Missouri and Kansas which reads as follows: . . . ) (attached as **Exhibit 2**).

2. Plaintiff filed the lawsuit styled as *Hannon-Johnson v. Kansas City Area Transportation Authority Share-A-Fare*, Case No. 1616-CV22384 in the 16th Circuit Court of Jackson County, Missouri at Kansas City on September 16, 2016 (the "State Court Action"). Copies of all process, pleadings, and orders served upon KCATA in the State Court Action are attached hereto as **Exhibit 3**.

**Notice of Removal Was Timely Filed and Venue is Proper**

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because KCATA filed it within 30 days of being served with the State Court Action. KCATA was served with the petition for the State Court Action on or about October 17, 2016 and this Notice was filed on November 11, 2016.

4. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the State Court Action is pending.

## This Court Has Original Jurisdiction Over the State Court Action Under 28 U.S.C. § 1331.

5. "A State court action may be removed by the defendant to federal court if the case falls within the original jurisdiction of the district courts. 28 U.S.C. § 1441(a)." *See McLauchlin v. Sight*, Case No. 4:16-cv-0542-DGK, 2016 U.S. Dist. LEXIS 99983, at *2 (W.D. Mo. Aug. 1, 2016). Federal district courts have original jurisdiction over actions that arise under the Constitution, laws, or treaties of the United States (i.e. arise under their "Federal Question Jurisdiction"). *See* 28 U.S.C. § 1331. Federal courts have Federal Question Jurisdiction over state law claims asserted against a bi-state agency when interpretation of the interstate compact that created the bi-state agency is implicated. *See Cuyler v. Adams*, 449 U.S. 433, 440 (1981).

6. Therefore, this Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331. The interpretation of an interstate compact is a question of federal law. KCATA is a bi-state agency that was created by an interstate compact and the claims asserted by Plaintiff in the State Court Action cannot be resolved without interpreting the compact that created the KCATA. Therefore, the State Court Action inherently involves federal questions that must be resolved by this Court.

## The Interpretation of an Interstate Compact Is a Question of Federal Law.

7. Missouri and federal courts have acknowledged that the interpretation of an interstate compact is a matter of federal law. *See Bi-State Dev. Agency v. Dir. of Revenue*, 781 S.W.2d 80, 83 (Mo. 1989) (citing *Cuyler v. Adams*, 449 U.S. at 440.); *see also KMOV TV, Inc. v. Bi-State Dev. Agency of the Missouri-Illinois Metro. Dist.*, 625 F.Supp.2d 808, 812-13 (E.D. Mo. 2008). "Just as if a court were addressing a federal statute . . . the first and last order of business of a court addressing an approved

3

WA 8805443.4

Case 4:16-cv-01205-DGK   Document 1   Filed 11/11/16   Page 3 of 11

interstate compact is interpreting the compact." *See KMOV TV, Inc.*, 625 F.Supp.2d at 812.

8. *KMOV TV, Inc.* was a suit brought under the Missouri Sunshine Law against KCATA's counterpart in the St. Louis area, the Bi-State Development Agency ("Bi-State"), which was formed through an interstate compact between Missouri and Illinois. Bi-State removed that case to federal court based upon federal question jurisdiction. *See* Notice of Removal, **Exhibit 4**. This case is similarly subject to removal.

**The Claims in Plaintiff's State Court Action Give Rise to a Federal Question Because They Cannot Be Resolved Without Interpreting the Interstate Compact That Created the KCATA.**

9. "Under decisions by the United States Court of Appeals for the Eighth Circuit and the Missouri Supreme Court, 'one party to an interstate compact may not enact legislation that would impose burdens upon the compact absent the concurrence of the other signatories.'" *See KMOV TV, Inc.*, 625 F.Supp.2d at 812. However, "it is within the competency of a State, which is party to a compact with another State, to legislate in respect of matters covered by the compact so long as such legislation is in approbation and not in reprobation of the compact." *Bi-State*, 781 S.W.2d at 82. In this case, the Missouri Human Rights Act ("MHRA") cannot be applied to the KCATA without impermissibly burdening the Compact. Therefore, this Court must interpret the Compact to resolve whether the KCATA is subject to state employment discrimination laws absent an express legislative concurrence by Missouri and Kansas.

10. Bi-state agencies are creations of three discrete sovereigns: two States and the federal government. *See KMOV TV, Inc.*, 625 F.Supp.2d at 811. Furthermore, the Eighth Circuit follows the "New York Rule" for interpreting interstate compacts.

*KMOV TV, Inc.*, 625 F.Supp.2d at 813-14. Under the New York Rule, one state's law can be applied to a bi-state agency "only if the states' legislation contains an express statement that they intend to amend the compact. The fact that two states 'have evinced the same, or similar, public policy' on an issue is not sufficient to 'render [a compact] properly amended or supplemented' such that the compact entity would be subject to one state's law on the issue." *Id.*

11. In *KMOV TV, Inc.*, the United States District Court for the Eastern District of Missouri held that the Missouri Sunshine Law (Mo. Rev. Stat. § 610.010 et seq.) was unenforceable against the Bi-State Development Agency of Missouri-Illinois Metropolitan District (a bi-state entity created by an interstate compact). *See KMOV TV, Inc.*, 625 F.Supp.2d at 814:

> In this action, plaintiff seeks to apply the Missouri Sunshine Law to require Metro to divulge the substance of complaints and comments received about Metro employees, including the names of the employees, and to provide this information free of charge. Neither party has asserted that the Missouri legislature sought or received the explicit concurrence of the Illinois legislature before enacting the provision of the Sunshine Law that applies to Metro. In absence of such explicit agreement by Illinois to apply the Sunshine Law to Metro, it cannot be said that Illinois 'concurred in' the decision to do so. . . . The Court finds that the Sunshine Law is unenforceable against Metro on the facts as alleged by plaintiff. Plaintiff thus fails to state a claim upon which relief can be granted, and the Court will grant Metro's motion to dismiss.

12. In this case, Plaintiff is asserting MHRA claims against KCATA. But the Compact is completely silent as to whether the KCATA is subject to state employment discrimination laws. It merely states that the KCATA has the power "to contract and to be contracted with, and to sue and to be sued." *See* Mo. Rev. Stat. § 238.010, Art. III (3). Additionally, neither Kansas nor Missouri has explicitly concurred in allowing the other state's employment discrimination law to be applied to the KCATA. Therefore,

under the New York Rule, this Court has Federal Question Jurisdiction over the State Court Action and must resolve the federal questions that are raised by the claims asserted by Plaintiff which include, but are not limited to, (1) whether the Missouri legislature and the Kansas legislature explicitly concurred in allowing employment discrimination laws to be applied to the KCATA and (2) if they did not, whether allowing MHRA claims to be asserted against the KCATA would be in reprobation of the Compact.

13. But, even ignoring the New York Rule, there are still substantial federal questions that must be resolved because there are conflicts between Kansas law, Missouri law, and federal law that could materially alter the outcome of the case. The intractable conflicts include, but are not limited to the applicable statute of limitations, the burden of proof and the availability of punitive damages.

14. As to the statute of limitations conflict, Missouri and Kansas have very different rules regarding the time in which a plaintiff must file a lawsuit. The Kansas Act Against Discrimination ("KAAD") does not contain an explicit statute of limitations in which a plaintiff must file a civil suit. *See Wagher v. Guy's Foods*, 256 Kan. 300, 302, 885 P.2d 1197, 1200 (1994). Instead, (assuming the plaintiff exhausts the administrative remedies available through the Kansas Human Rights Commission) a plaintiff may file a civil suit under KAAD at any time within 3 years of the date that the cause of action accrues. *Id.* at 306-11. Under the MHRA, plaintiffs must file suit within 90 days of the date listed on the right to sue letter issued to them by the Missouri Commission on Human Rights ("MCHR"). *See* Mo. Rev. Stat. § 213.111.1 Finally, under federal law, plaintiffs must file suit within 90 days of the date they *receive* their right to sue letter

WA 8805443.4

Case 4:16-cv-01205-DGK   Document 1   Filed 11/11/16   Page 6 of 11

from the Equal Employment Opportunity Commission ("EEOC"). *See* 29 C.F.R. § 1601.28. The distinction between Missouri and federal law is significant in this case, because KCATA will contend that plaintiff's MHRA claims were filed after her 90-day period for doing so elapsed.

15. Missouri and Kansas also have different standards of proof for liability. Under Kansas law, plaintiffs must establish their claims under the "*McDonnell-Douglas* burden shifting framework of liability",[1] which was created by the federal courts and also applies to discrimination claims arising under federal laws. *See Beech Aircraft Corp. v. Kan. Human Rights Comm'n*, 254 Kan. 270, 274, 864 P.2d 1148, 1152-53 (1993). But the Missouri Supreme Court has expressly held that the *McDonnell-Douglas* burden shifting framework is inapplicable to discrimination claims brought under the MHRA. *See Daugherty v. City of Maryland Height*s, 231 S.W.3d 814, 819 (Mo. banc 2009); *see also Hill v. Ford Motor Co.*, 277 S.W.3d 659, 665 (Mo. banc 2009). Therefore, to establish liability under Missouri law, plaintiffs are only required to prove that their status in a protected category was a "contributing factor" to the adverse employment action. The defendant-employer does not have access to a rebuttal element and the plaintiff-employee is not ultimately required to prove that the legitimate reason established by the employer is a pretext for unlawful discrimination.

---

[1] "Under the burden shifting analysis, the burden of persuasion always remains with the plaintiff, but the burden of proof shifts. Plaintiff must first establish a prima facie case of intentional discrimination. If the plaintiff establishes a prima facie case, the burden of proof shifts to the defendant employer to articulate a legitimate, non-discriminatory reason for the employment action. Finally, the burden shifts back to the plaintiff to show the proffered reasons are pretextual." *See Evans v. Siegel-Robert, Inc.*, 139 F.Supp.2d 1120, 1125 (E.D. Mo. 2001).

16.     Finally, Missouri and Kansas have very different views on whether and to what extent punitive damages can be awarded. The MHRA expressly authorizes courts to award punitive damages, Mo. Rev. Stat. § 213.111.2, and the standard for awarding them is relatively low—the plaintiff need only show by clear and convincing evidence that the employer's conduct was outrageous because of the employer's evil motive or reckless indifference to the rights of others. *Bowolak v. Mercy E. Cmtys,* 452 S.W.3d 688 (Mo. Ct. App. 2014). By contrast, punitive damages are precluded altogether under the Americans with Disabilities Act where an employer has made a good faith effort to accommodate the employee in a way that would not pose an undue hardship on the employer. 42 U.S.C. § 1981a(a)(3). The KAAD goes further, in that it is silent with respect to whether punitive damages are available for violations, but on its face only authorizes an award for "pain, suffering, and humiliation which are incidental to the act of discrimination" and it limits those damages to a maximum of $2,000. *See* K.S.A. § 44-1005(k).

17.     Therefore, there are multiple ways in which the choice of applicable law will materially affect the outcome of this case. If Missouri law is applied then (a) Plaintiff's claims would be subject to the "contributing factor" analysis, (b) Plaintiff would be able to seek uncapped punitive damages but (c) all her claims would likely be time barred because she did not file the State Court Action within 90 days of the date listed on her first right to sue letter from the MCHR.[2] But if Kansas law is applied then (i)

---

[2]    The first right to sue letter issued to Plaintiff by the MCHR is dated June 16, 2016. Therefore, she had until September 14, 2016 to file suit under the MHRA. But Plaintiff did not file the State Court Action until September 16, 2016, two days after the 90 day deadline to file.

Plaintiff's claims would be subject to the federal *McDonnell-Douglas* burden shifting framework, (ii) Plaintiff would be prohibited from seeking punitive damages, and (iii) any claims she may have under KAAD, although timely under the 3 year statute of limitations, would still be barred because she failed to exhaust the administrative remedies available to her through the KHRC.[3]  If federal law applies, then the *McDonnell-Douglas* burden shifting framework applies, punitive damages will be prohibited if KCATA made a good faith effort to accommodate plaintiff's disabilities, and her suit would have been timely had she asserted claims under federal law.

18.   Given the intractable conflicts between Missouri law, Kansas law, and federal law on outcome determinative issues, this Court has Federal Question Jurisdiction to interpret the Compact and determine whether allowing Plaintiff to move forward with her MHRA claims would be in reprobation of the express language of the Compact. *See Collier v. Bi-State Dev. Agency*, Case No. 4:14-cv-1263-JCH, 2014 U.S. Dist. LEXIS 148535, at *4-5 (E.D. Mo. Oct. 20, 2014) ("One situation in which a claim can be said to arise under federal law is when 'vindication of a right under state law necessarily turn[s] on some construction of federal law.'").

19.   Furthermore, "interpretation of the Compact will more likely than not be necessary to decide" Plaintiff's state law claims. *Id.* The Compact states that the KCATA has the power "to contract and to be contracted with, and to sue and to be sued." *See* Mo. Rev. Stat. § 238.010, Art. III (3). It also states that the KCATA "is vested with all

---

[3] To file a civil suit under KAAD, plaintiffs must first file a separate and timely charge of discrimination with the KHRC. *See Hughs v. Valley State Bank*, 26 Kan.App.2d 631, 639, 994 P.2d 1079, 1085 (1999); *see also Novotny v. Coffey County Hosp.*, 2004 U.S. Dist. LEXIS 8310, at *8 (D. Kan. May 10, 2004).  Filing a charge of discrimination with the EEOC or some other agency cannot give rise to the right to sue under KAAD. *Id.*

necessary and appropriate powers, not inconsistent with the constitution or the laws of the United States or of either state, to effectuate the same, . . ." See Mo. Rev. Stat. § 238.010, Art. VII and K.S.A. § 12-2524, Art. VII. Therefore, this Court must, at a minimum, interpret the Compact to determine whether Article VII prevents the application of a particular state's employment discrimination law under Article III(3) of the Compact absent an express legislative concurrence between Missouri and Kansas acknowledging that the KCATA is subject to both states' employment discrimination laws.

20. As soon as practicable after filing this Notice of Removal, KCATA will promptly serve notice of the filing of this removal to all parties of record in the State Court Action, and to the Clerk of the 16th Circuit Court of Jackson County, Missouri at Kansas City, pursuant to 28 U.S.C. § 1446(d).

21. KCATA is also filing herewith a copy of all processes, pleadings and orders from the State Court Action, except for the return of service, which plaintiff has not yet filed in the State Court Action.

22. By filling this Notice of Removal, KCATA does not waive any defense, jurisdictional or otherwise, which it may possess. KCATA also does not concede that Plaintiff has stated a claim against it.

23. KCATA does not demand a jury trial at this time.

10

WA 8805443.4

Case 4:16-cv-01205-DGK   Document 1   Filed 11/11/16   Page 10 of 11

SPENCER FANE LLP

/s/ W. Joseph Hatley
W. Joseph Hatley     Mo. # 33189
Brian Peterson     Mo. # 66144
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Phone: (816) 474-8100
Fax: (816) 474-3216
jhatley@spencerfane.com
bpeterson@spencerfane.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

    I hereby certify, that on November 11, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I further certify that a copy of the foregoing was served via electronic mail, on the 11th day of November, 2016 on the following:

Tracey Chappell
The Chappell Law Firm
12714 E. 64th Court
Kansas City, Missouri 64133
Tel: 816-729-5890
Fax: 816-982-9779
traceyc64@gmail.com
ATTORNEY FOR PLAINTIFF

/s/ W. Joseph Hatley
W. Joseph Hatley
ATTORNEY FOR DEFENDANT