IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| FELICIA HANNON-JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:16-CV-01205-DGK |
| ) | |
| KANSAS CITY AREA ) | |
| TRANSPORTATION AUTHORITY, ) | |
| ) | |
| Defendant. | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AMENDED PETITION

This case arises from Plaintiff Felicia Hannon-Johnson's ("Plaintiff") allegation that Defendant Kansas City Area Transportation Authority ("KCATA") discriminated against her on the basis of a disability. Now before the Court is Plaintiff's Motion for Enlargement of Time to File Amended Petition (Doc. 12).

The procedural history of this motion is somewhat convoluted. Plaintiff filed her original complaint (Doc. 1-4 pp. 7-15) in the Circuit Court of Jackson County, Missouri, on September 16, 2016, alleging two Missouri Human Rights Act ("MHRA") violations. The first count alleged intentional discrimination on the basis of her disability, and/or failure to provide and accommodation; the second alleged retaliation.

KCATA removed the lawsuit to federal court and then, on November 18, 2016, filed a motion to dismiss for failure to state a claim (Doc. 5). KCATA argued it was not subject to the MHRA and, even if it was, Plaintiff's claims were time-barred because she did not sue within 90 days after receiving her right to sue letter.

1

On December 5, 2016, Plaintiff filed suggestions in opposition (Doc. 9) claiming the lawsuit was timely filed, and that she would file a motion for leave to amend the complaint which would address Defendant's objection that KCATA was not subject to the MHRA.

On December 8, 2016, Plaintiff filed a request for leave to amend the complaint (Doc. 10). Plaintiff moved to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B), which she had a right to do because she was amending her complaint within 21 days of being served with a 12(b) motion. Attached to the motion was a proposed amended complaint (Doc. 10-1) pleading three causes of action under the Americans with Disabilities Act ("ADA"). The first alleged disability discrimination; the second[1] alleged failure to provide a reasonable accommodation; and the third alleged retaliation.

The Court granted the motion for leave to amend via a text entry and directed Plaintiff to file the proposed amended complaint on or before December 16, 2016 (Doc. 11).

Plaintiff, however, did not file the proposed amended complaint by December 16th. Instead, on December 21st, she filed the pending Motion for Enlargement of Time to File Amended Petition (Doc. 12) and a motion to remand (Doc. 13). In the motion for enlargement of time, Plaintiff's counsel explained the failure to meet the December 16, 2016, deadline was due to the press of business in another case, and she again requested leave to file an amended petition. Attached to the motion was a *new* proposed amended complaint (Doc. 12-1) pleading two[2] MHRA claims.[3] Although these two claims mirror those asserted in the original

---

[1] The second and third counts are both captioned "Count III." This is obviously a typographical error.

[2] Although the second claim is captioned "Count III," this is a typographical error. This count is the second and final count in the complaint.

[3] Plaintiff explains that the original amendment "that was to be filed with this Court needed addition [sic] changes and not just a mere changing of the date on the amended complaint's certificate of service" (*Id.*). Apparently, those changes involved amending the complaint to allege causes of action under the MHRA instead of the ADA. To

2

complaint—the first count alleges intentional discrimination and/or failure to provide an accommodation, and the second count alleges retaliation—the complaint contains different factual allegations.  And, unlike the earlier motion for enlargement of time, Plaintiff did not file this motion within 21 days of being served with KCATA's motion to dismiss.

KCATA opposes granting the motion, arguing Plaintiff has made a procedural mess of this case; that she has failed to satisfy the substantive prerequisites for the relief she now seeks; and that her actions have prejudiced it.  KCATA asks the Court to deny her latest motion and decide all pending motions on the basis of the allegations in the original complaint.  Alternately, it suggests the Court grant Plaintiff leave to file only the amended complaint she was previously given leave to file, not the latest proposed amended complaint.  Plaintiff replies that: (1) her failure to file the amended complaint by the Court's deadline constituted excusable neglect; and (2) KCATA would not be prejudiced should the Court grant her motion for enlargement of time.

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may extend the time in which an act may or must be done "if the party failed to act because of excusable neglect."  In determining whether the circumstances rise to the level of excusable neglect, the Court must weigh "the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  "These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis."  *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

---

avoid any appearance of impropriety in the future, Plaintiff must attach the *exact* document for which she seeks leave to file to her motion.

First, KCATA argues that it was prejudiced because it did not file reply suggestions in support of its motion to dismiss, assuming that Plaintiff's amended complaint would moot the motion. This prejudice can be cured by allowing KCATA to file reply suggestions or a renewed motion to dismiss based on the amended complaint. Thus, KCATA is not unduly prejudiced and this factor weighs in favor of allowing the amendment.

Second, the Court finds that the length of this delay—five days—is not unreasonable given that the litigation is in its early stages. The second factor also weighs in favor of allowing amendment.

Third, Counsel explains she missed the Court's deadline "because Counsel was working on an Appeal Brief for the Western District of Missouri which was also due on December 16, 2016" (Doc. 21 at 2). The amount of time required to write and file the brief "was totally unexpected and unavoidable and not within the control of Plaintiff or her counsel" (*Id.*). But "courts have been unwilling to view an attorney's busy schedule as excusable neglect," and this factor weighs against Plaintiff. *Villines v. Gen. Motors Corp.*, No. 00-0613-CV-W-2-ECF, 2001 WL 36102766, at *6 (W.D. Mo. Aug. 27, 2001) (collecting cases).

Finally, in determining whether a party acted in good faith, the Court must distinguish between "intentional delay or disregard for the deadlines and procedural rules, and a marginal failure to meet pleading or other deadlines." *In re Guidant Corp.*, 496 F.3d at 867 (quoting *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998)). At the time of its filing, the instant motion was Plaintiff's first request for an extension of time,[4] and the five-day delay does not appear to be intentional. Thus, the final factor weighs in Plaintiff's favor.

Though the reason for Plaintiff's delay is a key factor in this analysis and that factor weighs against her, the *Pioneer* factors ultimately weigh in favor of allowing the amendment.

---

[4] Plaintiff later requested an extension of time to file the parties' joint proposed scheduling order (Doc. 15).

Accordingly, Plaintiff's motion is GRANTED.  Plaintiff's amended complaint, Doc. 12-1, shall be deemed filed as of the date of this order.  Given the confusion surrounding these amendments, Defendant's motion to dismiss (Doc. 5) and Plaintiff's motion to remand (Doc. 13) are DENIED without prejudice.  The parties may refile these motions should they wish to do so.  Defendant's motion for an extension of time (Doc. 22) is DENIED as moot.  Plaintiff is cautioned that the Court will consider imposing sanctions, including an award of attorney's fees to KCATA, should she fail to comply with the Court's orders and the Federal Rules of Civil Procedure in the future.

**IT IS SO ORDERED.**

Date:  January 11, 2017                                         /s/ Greg Kays
                                                                                GREG KAYS, CHIEF JUDGE
                                                                                UNITED STATES DISTRICT COURT