IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| FELICIA HANNON-JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-01205-DGK |
| | ) | |
| KANSAS CITY AREA | ) | |
| TRANSPORTATION AUTHORITY, | ) | |
| | ) | |
| Defendant. | | |

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This case arises from Plaintiff Felicia Hannon-Johnson's ("Plaintiff") allegation that her employer, Defendant Kansas City Area Transportation Authority ("KCATA"), discriminated against her on the basis of a disability, in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010, *et seq.* Plaintiff originally brought suit in the Circuit Court of Jackson County, Missouri, and KCATA removed the lawsuit to federal court, invoking the Court's federal question jurisdiction.

Now before the Court is Plaintiff's Motion to Remand (Doc. 33). For the reasons set forth below, Plaintiff's motion is GRANTED.

**Background**

Defendant KCATA is a bi-state public transit entity operating in the Kansas City metropolitan area. It was created in 1965 pursuant to a Congressionally-approved compact between Missouri and Kansas (the "Compact").[1] *See* Act of Sept. 21, 1966, Pub. L. 89-599, 80 Stat. 826 (consenting to KCATA compact); Kan. Stat. Ann. § 12-2524, art. III; Mo. Rev. Stat. § 238.010, art. III. The Compact grants KCATA certain enumerated powers, along with the

---
[1] Congress consented to the Compact on September 21, 1966.

authority "[t]o perform all other necessary and incidental functions [not enumerated in the Compact]; and to exercise such additional powers as shall be conferred on it by the Legislature of either State concurred in by the Legislature of the other and by Act of Congress." Kan. Stat. Ann. § 12-2524, art. III, § 11; Mo. Rev. Stat. § 238.010, art. III, § 11.

From April 2005 to March 2016, KCATA employed Plaintiff as a bus driver and customer service representative. Am. Compl. ¶¶ 12-14, 42. Plaintiff was terminated in March 2016. Plaintiff now alleges KCATA violated the MHRA by failing to provide her with reasonable accommodations for a back, leg, ankle, and foot disability stemming from an on-the-job accident. *See, e.g.*, *id.* ¶¶ 15-16, 18-21, 28, 30-32. She also asserts her termination was in retaliation for filing charges of discrimination against KCATA. *See, e.g.*, *id.* ¶¶ 34-43.

Plaintiff originally filed this lawsuit in Missouri state court. On November 11, 2016, KCATA removed this matter to federal court.

**Standard**

An action may be removed by the defendant where the case falls within the district court's original jurisdiction. 28 U.S.C. § 1441(a). If the case does not fall within these jurisdictional bounds, the district court must remand the case to the state court from which it was removed. *Id*. § 1447(c). The removing party has the burden of establishing jurisdiction by a preponderance of the evidence, *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781-82 (8th Cir. 2009), and any doubts about the propriety of removal are to be resolved in favor of remand. *Central Iowa Power Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

A district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether the action arises under federal law, a court employs the "well-pleaded complaint" rule, which

"provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). But, an exception to this rule exists where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). When determining whether this exception applies, a court must ask, "[D]oes [the] state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[?]" *Grable Sons Metal Prods., Inc. v. Darue Eng'g Mfg.*, 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013).

### Discussion

KCATA contends federal jurisdiction exists because Plaintiff's claims necessitate interpretation of the Compact, which became federal law after it was approved by Congress. It argues that, under the Compact, KCATA cannot be subject to Missouri's employment discrimination laws. Plaintiff did not file a reply brief or otherwise respond to this argument.

**I.    Construction of the Compact presents a federal question.**

As an initial matter, there is no dispute that the construction of the Compact presents a federal question. *See Cuyler v. Adams*, 449 U.S. 433, 438 (1981) ("Because congressional consent transforms an interstate compact [within the Compact Clause] into a law of the United States, we have held that the construction of an interstate agreement sanctioned by Congress . . .

presents a federal question."). But, the "mere presence of a federal issue in a state cause of action does not automatically confer federal jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Accordingly, the Court must perform a *Grable* inquiry to determine the "centrality" of the federal issue and, ultimately, its jurisdiction over this matter. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 n.5 (2006) (referring to the restrictions imposed on federal courts' "arising under" jurisdiction as "centrality" requirements).

## II. Construction of the Compact is not "necessary" to Plaintiff's MHRA claims, and the first *Grable* factor is not satisfied.

KCATA seems to focus on the first *Grable* factor: whether construction of the Compact is "necessary" to Plaintiff's MHRA claims.[2] It asserts that, "fundamentally, a plaintiff who wishes to hold a defendant liable for violating any statute must first plead and prove that the defendant is subject to the statute." Def.'s Br. in Opp. at 5 (Doc. 35).

This argument is unavailing. For Plaintiff to maintain a prima facie case on either count, she need only plead the elements set forth in the statute.[3] Under the MHRA, Plaintiff is required to plead and prove that KCATA is an "employer" within the meaning of the statute, but she is not required to prove KCATA is subject to the MHRA *under the Compact*.[4] Of course, whether

---

[2] KCATA did not address each of the *Grable* factors explicitly, and Plaintiff did not address them at all.

[3] To prevail on her discrimination claim, Plaintiff must show: (1) she has a physical or mental impairment that substantially limits one or more of her life activities; (2) such impairment would not interfere with performing the job in question if she were provided a reasonable accommodation; (3) KCATA, as her employer, treated her unfairly; (4) such disability was a contributing factor in the unfair treatment; and (5) as a direct result of this conduct, she sustained damage. *See* Mo. Rev. Stat. § 213.055; Mo. Approved Jury Instr. (Civil) 38.01(B) (7th ed.) (directing a verdict where the claim is for employment discrimination by reason of disability under the MHRA). To prevail on her retaliation claim, Plaintiff must show: (1) she was employed by KCATA; (2) she filed a discrimination claim against KCATA; (3) KCATA discharged her; (4) her filing of the discrimination claim was a contributing factor to her discharge; and (5) as a direct result of her discharge, she sustained damage. *See* Mo. Rev. Stat. § 287.780; Mo. Approved Jury Instr. (Civil) 38.04 (verdict director for retaliatory discharge or discrimination).

[4] In support, KCATA cites only *United States v. Conservation Chem. Co.*, 619 F. Supp. 162, 184 (W.D. Mo. 1985), a case involving claims under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). CERCLA requires that plaintiffs prove a defendant is one of three types of "persons" subject to the statute. *Id.*; 42 U.S.C. § 9607(a). Similarly, the MHRA requires that a plaintiff plead and prove that the defendant

KCATA is immune from the employment laws of Missouri may—and very likely will—become relevant at a later stage of the litigation and could act to foreclose Plaintiff's claims, but that issue does not appear on the face of Plaintiff's complaint. *Cf. Grable*, 545 U.S. at 315 (finding the first factor satisfied where the federal issue "appear[ed] to be the *only* legal or factual issue contested in the case") (emphasis added).

The fact that this matter involves statutory claims, as opposed to common law claims, does not alter this conclusion. KCATA relies on a District of New Jersey case to argue that state statutory claims necessarily implicate the Compact and present a federal question. *Brust v. ACF Indust., LLC*, No. 11-4839, 2011 WL 6756921, at *4 (D.N.J. Dec. 21, 2011) (observing that certain statutory claims would implicate the operating procedures of a bi-state entity and, because these operating procedures are set forth in the compact, the compact itself). The Court finds this opinion unpersuasive for two reasons: (1) the New Jersey court made its observation when analyzing whether a *common law* claim implicated a bi-state compact;[5] and (2) it is unclear whether the cases it relied on for its conclusion regarding compact implication in statutory claims actually investigated the specific jurisdictional question presented here.[6] As stated above, the Court agrees that the Compact may need to be construed at some point in this litigation, but

---

is an "employer" subject to the MHRA. Mo. Rev. Stat. § 213.055.1(1). Here, Plaintiff must plead and prove that KCATA is an "employer" under the statute, but does not bear the burden of establishing that KCATA is not immune from the statute.

[5] The plaintiff in *Brust* alleged common-law premises liability claims against two bi-state entities. *Brust*, 2011 WL 6756921, at *1.

[6] *Brust* relies on two cases: *Int'l Union of Operating Eng'rs, Local 542 v. Delaware River Joint Toll Bridge Comm.*, 311 F.3d 273 (3d. Cir. 2002) and *Spence-Parker v. Delaware River & Bay Auth.*, 616 F. Supp. 2d 509 (D.N.J. 2009). With regard to *Local 542*, KCATA argues that, "[n]otwithstanding the ongoing obligation of federal courts to confirm their subject matter jurisdiction over a case, the Third Circuit decided the merits of [the case], *suggesting* that it was satisfied the case had been properly removed." Def.'s Br. in Opp. at 7 (emphasis added). Likewise, the court in *Spence-Parker* only briefly addressed its jurisdiction in a footnote, citing *Local 542* as its authority. *Spence-Parker*, 616 F. Supp. 2d at 515 n.5. Given these courts' cursory examination of the jurisdictional issues at hand, the Court does not find these cases persuasive.

views KCATA's compact argument as akin to an affirmative defense.[7] Because the Court cannot rely on a defense arising under federal law to confer jurisdiction, this argument also fails. *Merrell Dow*, 478 U.S. at 808 (A "defense that raises a federal question is inadequate to confer federal jurisdiction.").

Because the Court finds that at least one of the *Grable* factors is unsatisfied, it need not address the remaining requirements. *See Great Lakes*, 843 F.3d at 334 (addressing only two of the four *Grable* factors in holding the district court lacked subject matter jurisdiction). KCATA has not met its burden to establish federal jurisdiction in this matter, and Plaintiff's Motion to Remand (Doc. 33) is GRANTED.

**IT IS SO ORDERED.**

Date: May 31, 2017                                      /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT

---

[7] That is, KCATA's compact argument is one "that, if true, will defeat the plaintiff's [MHRA] claim[s], even if all the allegations [of employment discrimination] are true." Black's Law Dictionary 509 (10th ed. 2014).